IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 06-285-KI |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| CLETIES SCOTT CROWE, ) | |
| ) | |
| Defendant. ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Gary Y. Sussman
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Plaintiff

Thomas J. Hester
Assistant Federal Public Defender
1001 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Defendant Cleties Scott Crowe is charged with violating 18 U.S.C. § 2251(a) and (e) for having knowingly "used, persuaded, induced or enticed" a minor to engage in sexually explicit conduct with the intent that the minor engage in such conduct for the purpose of producing a visual depiction, knowing that the visual depiction would be transported via the Internet and/or a cellular camera phone. Indictment, Count 1 at 1. Crowe has filed a Motion to Suppress and for a Franks Hearing (#32). For the following reasons, I deny the motion.

## BACKGROUND

In August 2004, the victim's mother contacted the FBI about her 14-year old daughter's (KH) internet relationship with an older man. The agent interviewed the mother and daughter, but learned only the first name of the offender and his America Online screen name. According to the government, the FBI was unable to identify defendant, and since KH claimed she was no longer talking with the man, the agent closed the investigation.

In 2006, when KH's mother was again alerted that her daughter might be engaging in some sort of online relationship, she contacted the FBI again. She was able to provide the FBI with the results of monitoring software, including sexually explicit photographs the victim had sent to defendant.

On July 19, 2006, a magistrate judge in the Northern District of Georgia issued a warrant to search Crowe's home in Georgia. The warrant was based on an affidavit submitted by FBI Special Agent Steve Paganucci. The affidavit contains the following background information:

> On April 17, 2006, [KH's mother] contacted the Portland, Oregon division of the FBI and reported that her 16 year-old daughter was believed to be involved with an online Internet and telephonic relationship with an adult male from the state of Georgia. Approximately three years ago, [KH's mother] discovered that her daughter was communicating online with an individual whom she believed to be

Page 2 - OPINION AND ORDER

>an adult male from the Atlanta, Georgia area. FBI Portland investigated the matter but was unable to identify the individual. As a part of the investigation, [KH] was interviewed and stated that she was no longer communicating with this individual. The investigation was subsequently closed.

Def.'s Memo. in Supp. of Mot. to Suppress, Ex. A (hereinafter "Ex. A") at ¶ 5. The affidavit recites many of the "Instant Messaging" conversations between Crowe and KH, establishing the length of the relationship as being more than three years, and includes statements from Crowe about leaving his wife and that he and KH should not meet until after she turned 18. The affidavit recites the fact that KH's mother permitted the search of the computers used by KH, and that the search "located numerous pornographic digital photographs of [KH]. These photographs appear to have been taken by [KH] of herself." Ex. A at ¶ 37.

## LEGAL STANDARDS

A warrant must be supported by probable cause. The question is whether, viewing the totality of the circumstances, the judicial officer who issued the warrant had a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found in the place searched. Illinois v. Gates, 462 U.S. 213, 238 (1983). A court reviewing the issuance of a warrant is "limited to the information and circumstances contained within the four corners of the underlying affidavit." United States v. Bertrand, 926 F.2d 838, 841 (9th Cir. 1991) (quotation omitted).

In Franks v. Delaware, 438 U.S. 154, 164-65 (1978), the Supreme Court held that intentionally and recklessly submitting false statements in a warrant affidavit violates the Fourth Amendment. A defendant is entitled to a Franks hearing if he makes "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." 438 U.S. at 155-56. To meet his

Page 3 - OPINION AND ORDER

burden, the defendant "should point out specifically the portion of the warrant affidavit that is claimed to be false" and submit a statement of supporting reasons. Id. at 171. Allegations of negligence or innocent mistake will not suffice. Id.

If perjury or reckless disregard for the truth is established by a preponderance of the evidence, the court must set the "false" material aside and determine whether the "remaining content is sufficient to establish probable cause." Id. at 156. If not, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." Id. Courts have employed a similar analysis when a defendant alleges the warrant affidavit contains material omissions. United States v. Stanert, 762 F.2d 775, 781 (9th Cir. 1985). Material omissions should be inserted in the affidavit and examined to see whether probable cause remains.

## DISCUSSION

I.  Crowe's Motion to Suppress

Crowe moves to suppress any evidence obtained as a result of searches of his residence and personal effects. He also moves to suppress all derivative evidence, including his statements, obtained as a result of those searches. The basis of his motion is his contention that there was no probable cause supporting the assertion in the affidavit that Crowe "attempted to persuade, induce, entice or coerce" KH to engage in sexually explicit conduct. Ex. A at ¶¶ 3, 44. Crowe argues that the agents knew only that KH had taken pictures of herself "as an act of her own free will and for the exclusive purpose of privately sharing those images with her partner in a long term on-line relationship." Def.'s Memo. in Supp. of Mot. to Suppress at 13.

As the government points out, paragraph 39 of Paganucci's affidavit sets forth the facts to support a search warrant. That paragraph contains a transcript of the IM conversation between

Page 4 - OPINION AND ORDER

KH and Crowe in which Crowe asks KH if she wants to "play" with the "pic phone," and in which Crowe suggests that KH take sexually explicit pictures of herself and tells KH exactly what he wants to see. She does as he requests and sends them to Crowe. The transcript clearly indicates that defendant received the pictures.

Crowe provides no case law standing for the proposition that the relationship between he and KH in any way offsets his behavior. The words of the statute cover a varying degree of conduct, and include actions not involving force. For example, the dictionary defines "persuade" to mean "to move by argument, entreaty, or expostulation to a belief, position, or course of action," "induce" to mean "to move by persuasion or influence," and "entice" to mean "to attract artfully or adroitly or by arousing hope or desire." Merriam Webster's Collegiate Dictionary 868, 594, 387 (10th ed. 1996). "Coerce" is the only term used that may imply forcible compulsion, as it is defined to mean "to restrain or dominate by force." Id. at 222. Furthermore, the sexually explicit depiction need not be for "commercial reasons," United States v. Griffith, 284 F.3d 338, 347 (2d Cir. 2002), and the fact that Crowe and KH "had 'romantic feelings' for each other" is irrelevant. United States v. Morales-De Jesus, 372 F.3d 6, 21 (1st Cir. 2004).

I conclude that the affidavit established facts from which the magistrate could find probable cause to believe that Crowe had violated 18 U.S.C. § 2251(a) and (e), such that evidence of that crime would be found in the place to be searched.

II.   Motion for a Franks' Hearing

Crowe takes issue with a handful of statements in the affidavit. He argues first that the affiant incorrectly states that the FBI never learned Crowe's identity in the initial 2004 investigation. Not only is this statement incorrect, according to Crowe, but it implies that had it

known Crowe's identity the FBI would have investigated further. In fact, according to Crowe, the FBI did not continue the investigation because it uncovered no illegal activity.

The evidence Crowe submits in support of his assertion that the FBI knew his identity during the first investigation is a statement from KH and a statement from KH's father. During an interview with defense counsel and his investigator, KH recalled her meeting with the first FBI agent. The report from KH's interview with defense counsel indicates that the FBI "was aware of Scott's name and where he lived." Def.'s Aff. in Supp. of Mot. for Franks Hearing, Ex. C at 1. However, the report does not indicate whether the agent knew Crowe's last name. KH's statement does not show that the FBI knew the identity of KH's correspondent at the time of the initial investigation.

Crowe also relies on a statement made by KH's father. In his interview with the FBI, KH's father stated that KH's mother brought KH to the FBI's office because she believed KH was communicating with an older man "whom they knew as Scott Crowe from Atlanta, Georgia." The very next sentence, however, clarifies that "[a]t the time, the FBI could not identify Crowe and his daughter swore she was no longer going to have any contact with him." Id., Ex. B at 1.

The agent submitted an affidavit in support of the government's response to the motion for a Franks hearing in which he explained that KH's mother reported that KH had been corresponding with a man named "Scott," giving no last name, who lived in the Eastern Time Zone, and who used the e-mail address ccrowe1051@aol.com. At some point either KH or her mother mentioned that Scott lived in Georgia. The FBI agent attempted to access Crowe's AOL profile and was told that ccrowe1051 was no longer an active AOL user. The agent indicates that

Page 6 - OPINION AND ORDER

he closed the investigation because he was unable to identify the person with whom KH had been communicating and because he determined no crime had been committed.

Crowe has failed to make a substantial preliminary statement showing that the FBI knew it was he who was corresponding with KH in 2004, or that the affiant recklessly disregarded the truth by stating, "FBI Portland investigated the matter but was unable to identify the individual." Ex. A at ¶ 5. In addition, I am not convinced that the implication in paragraph 5 is that the investigation would have continued had the FBI known the individual because, after all, the affiant reports that KH said she was no longer communicating with the individual. Nevertheless, even if this were the implication, it is not material. Even if the affiant reported that no law violations were discovered in 2004, paragraph 39 contains ample probable cause for finding Crowe violated the law in 2006.

Crowe also claims that the affiant neglected to discuss the nature of the relationship between Crowe and KH. Crowe fails to suggest what additional facts should have been included in the affidavit, and after close review of the affidavit I conclude that the affiant provided adequate details of the relationship. The affiant included lengthy transcripts of IM conversations between Crowe and KH in which they profess their love for one another. Furthermore, even should these details not be sufficient, anything more would be irrelevant as it would not affect the probable cause determination.

Finally, Crowe asserts that the affiant failed to explain that the camera phone used by KH to take the pictures was given to her by her father, and that the phone Crowe purchased for KH did not have picture-taking capabilities. I disagree. The affiant does not suggest that Crowe gave KH the phone used to take the pictures. Instead, after reporting the IM conversation in paragraph 39 in which Crowe encourages KH to take sexually explicit photographs of herself, the affiant

Page 7 - OPINION AND ORDER

explains in paragraph 40 that KH's mother "told FBI Portland that the Verizon cellular telephone that her daughter is using has the ability to take digital photographs. [KH's mother] stated that her daughter's father . . . paid for the telephone and the monthly service." Ex. A at ¶ 40. The affidavit does set forth conversations between Crowe and KH about Crowe's providing KH with the money to purchase a phone, but the affiant does not suggest that the new phone has picture-taking capabilities. Again, even if I were to find errors or omissions, this information would not affect the probable cause determination.

After reading the affidavit, and considering the allegedly incorrect and omitted statements, I conclude that Crowe has failed to make the substantial showing required to justify a hearing. Crowe has failed to make the substantial preliminary showing that the affiant deliberately or recklessly disregarded the truth. Even should any alleged misstatements be removed, or omitted material be added, the affidavit contains sufficient facts from which the magistrate could find probable cause that Crowe violated 18 U.S.C. § 2251(a) and (e).

## CONCLUSION

Based on the foregoing, Defendant's Motion to Suppress and for a <u>Franks</u> Hearing (#32) is denied.

IT IS SO ORDERED.

Dated this \_\_\_\_25\_\_\_\_ day of May, 2007.

/s/ Garr M. King
Garr M. King
United States District Judge

Page 8 - OPINION AND ORDER